IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 2 6 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Respondent-Plaintiff | § | |
| | § | |
| vs. | § | CR B-00-321 |
| | § | |
| ALBERTO RAMIREZ-BLANCO, | § | |
| Petitioner-Defendant | § | |
| (CA B-01-194) | § | |

<u>GOVERNMENT'S ANSWER, MOTION FOR DISMISSAL UNDER 8(a) OF THE
RULES FOLL. 28 U.S.C. § 2255, OR IN THE ALTERNATIVE, MOTION FOR
SUMMARY JUDGMENT</u>

1.

On January 29, 2002, the court ordered the Government to respond to Ramirez's 28 U.S.C. §2255 motion filed on November 30, 2001, by March 28, 2002. The Government moves to dismiss and, in the alternative, moves for summary judgment.

2.

On August 1, 2000, Ramirez was charged in the Southern District of Texas, Brownsville Division, in Count One with possession of a controlled substance in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(B) (DOC. 1). On October 5, 2000, Ramirez pled guilty to the indictment, without a plea agreement, before United States District Judge Hilda G. Tagle (DOC 17).

The probation department scored him at base offense level 28, as he was the driver of a truck containing over 600 kilos of marihuana, yet adjusted the level downward 3 levels for acceptance of responsibility, for a total offense level of 25 (PSR. 13, 19, 20). His criminal history score placed him in Criminal History

Category Two, with a Guideline range of 63-78months. Ramirez objected to the Guideline calculation, arguing that he should be assessed a two-level downward adjustment for being a "minor" participant. At sentencing, his objection was granted and the district court granted him a "minor" role adjustment. His final offense level was 23, with a range of 60-63 months imprisonment (DOC. 23, 24). The district court ultimately sentenced Ramirez to sixty (60) months imprisonment, the minimum statutory sentence, followed by a three-year term of supervised release. He was also ordered to pay $100.00 in mandatory costs, which was remitted. The judgment was entered February 5, 2001. The judgement became final on February 15, 2000 (FED.R. APP. P. 4[b]).

Ramirez did not file a direct Appeal. On November 30, 2001, Ramirez filed the instant "Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255".

3.

Pursuant to FED.R. APP. P. 4(c), his pleading filed under §2255 is timely.

4.

The Government denies each and every allegation of fact made by Ramirez except those supported by the record and those specifically admitted herein, and demands strict proof thereof.

5.

Allegations

Ramirez seeks relief based upon the following assertions:

1. Petitioner's role was that of 'minimal participation' and should have been sentenced at level 21.

Ramirez argues that the district court should have found his role to that of a "minor participant". As such, his final Guideline level should have been 21, with a range of 41-51 months.

A Sentencing Guideline contest is not cognizable under 28 U.S.C. §2255. Ramirez's seeking substantive redress on the basis of his 'minimal participation', a direct application of the sentencing guidelines, and contest of the district court's relevant conduct finding, are not cognizable under §2255. Failure to raise Sentencing Guideline issues on direct appeal results in a waiver of that issue. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Mannino*, 212 F.3d 835, 839 (5th Cir. 2000).

Even if Ramirez's claims are cognizable herein, his claims reflect a mistaken understanding of the facts. Despite Ramirez's claim to the contrary, Ramirez was found to be a "minor participant". This produced a final Guideline level of 23. Simple arithmetic reveals Ramirez was sentenced within the correct range of punishment. His base offense level was 28, as a result of his transporting 611 kilos of marihuana. A relevant conduct finding of between 400-700 kilos of marihuana produces a base level of 28 (U.S.S.G. §2D1.1; PSR 13). Under §3E1.1(a) Ramirez received a three-level downward adjustment for "Acceptance of Responsibility" (PSR 19). Finally, Ramirez received a two-level downward adjustment for "minor role" (DOC 24). This produced a final level of twenty-three (23), with a range of 60-63 months (DOC 24).

Even if Ramirez got his wish with a final Guideline level of twenty-one (21), it wouldn't affect his sentence. He was facing a sixty-month statutory minimum sentence. "[T]he general rule under the Guidelines that, if the statutory mandatory minimum sentence is greater than the maximum Guideline range, the statutory sentence must be the Guideline sentence. See U.S.S.G. § 5G1.1(b). *United States v. Miller*, 179 F.3d 961, 964 (5th Cir. 1999).

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Government respectfully prays that Ramirez's §2255 petition be dismissed, or in the alternative, subject to denial by summary judgment.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

_____
Mark M. Dowd
Assistant U.S. Attorney
600 E. Harrison, # 201
Brownsville, Texas 78520
Texas Bar No. 06070500
Federal I.D. No. 9314
(956) 548-2554/Fax (956) 548-2549

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, Assistant United States Attorney, certify that a true and correct copy of the above document has been served by placing same in United States mail, postage prepaid, today, March 26, 2002, addressed to:

Alberto Ramirez-Blanco
No. 94215-079
F.C.I., Big Springs
Flightline Unit
2001 Rickabough Drive
Big Spring, Tx, 79720

_____
MARK M. DOWD
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Respondent-Plaintiff | § § § | |
| vs. | § | CR B-00-321 |
| ALBERTO RAMIREZ-BLANCO,<br>    Petitioner-Defendant<br>    (CA B-01-194) | § § § § | |

## ORDER

The Court, having considered Ramirez's motion under 28 U.S.C. § 2255 to vacate sentence and the Government's response, concludes that dismissal of the cause is warranted.  Ramirez's instant complaint was waived by his failure to bring it on direct appeal.  Even if the merits were reached, the factual and legal foundation of his complaints are wholly lacking.  Further, the record is insufficient to support the substance of his claims.

Therefore, Ramirez's motion should be DISMISSED in its entirety.

DONE on this the _____ day of _____, 2002 at Brownsville, Texas.

_____
FELIX RECIO
UNITED STATES MAGISTRATE JUDGE