UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 2 8 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ALBERTO RAMIREZ-BLANCO, Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. B-01-194 CRIMINAL NO. B-00-321 |
| UNITED STATES OF AMERICA, Respondent. | § § § | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Alberto Ramirez-Blanco has filed a timely 28 U.S.C. § 2255 Application to Vacate, Set Aside, or Correct Sentence. For the reasons set out below, Petitioner's 28 U.S.C. § 2255 Application should be DENIED.

### BACKGROUND

On August 1, 2000, Petitioner Alberto Ramirez-Blanco was charged in the Southern District of Texas, Brownsville Division, with possession of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On October 5, 2000, Ramirez-Blanco pleaded guilty to the indictment, without a plea agreement, before United States District Judge Hilda Tagle.

The probation department scored the Petitioner at a base offense level of 28 in accordance with the United States Sentencing Guidelines, as he was the driver of a truck containing over 600 kilograms of marijuana. However, Mr. Ramirez-Blanco's score was downwardly adjusted three levels, for a total offense level of 25. His criminal history score placed him in Criminal History Category Two, which carries a Guideline range of 63-78 months imprisonment. Ramirez-Blanco objected to the Guideline calculation, arguing that he should be assessed a two-level downward adjustment for being a "minor" participant. At sentencing, his objection was granted and the

district court granted him a "minor" participant role adjustment. His final offense level was 23, which carries a Guideline range of 60-63 months. The district court ultimately sentenced Ramirez-Blanco to sixty months imprisonment (the minimum statutory sentence) followed by a three-year term of supervised release. He was also ordered to pay $100.00 in mandatory costs, which was remitted. The judgment was entered February 5, 2001, and became final on February 15, 2000. Ramirez-Blanco did not file a direct appeal, but on November 30, 2001, he filed the instant § 2255 petition.

## ALLEGATION

Petitioner alleges that his role was that of a "minor" participant, and as such his final Guideline level should have been 21, which carries a possible Guideline range of 41-51 months.

## ANALYSIS

A Sentencing Guideline contest is not cognizable under 28 U.S.C. § 2255. Petitioner is attempting to gain relief on the basis of his "minimal participation." Such a claim is a direct challenge to the district court's application of the sentencing guidelines. Convicted defendants are not permitted to contest the district court's relevant conduct finding in a § 2255 petition. Failure to raise Sentencing Guideline issues on direct appeal results in a waiver of any such claims.[1]

Even if Ramirez-Blanco's claims were cognizable in this case, they reflect a mistaken understanding of the facts. Despite Ramirez-Blanco's assertion to the contrary, he *was* found to be a "minor" participant at sentencing. This finding produced the final Guideline level of 23, so

---

[1] See United States v. Cervantes, 132 F.3d 1106, 1109 (5th Cir. 1998). See also United States v. Mannino, 21 F.3d 835, 839 (3rd Cir. 2000).

he was sentenced within the correct range of punishment. Ramirez-Blanco received a three-level downward adjustment for "acceptance of responsibility," and a two-level downward adjustment for "minor role," which produced a final Guideline level of 23 that carries a range of 60-63 months imprisonment.

Even if the Petitioner received a final Guideline level of 21, it would not have effected his sentence. Ramirez-Blanco was facing a 60-month statutory minimum sentence due to the amount of marijuana he was carrying. "The general rule under the Guidelines is that if the statutory minimum sentence is greater than the maximum Guideline range, the statutory sentence must be the Guideline sentence."[2] Therefore, Petitioner raises no claims on which relief could be granted.

## RECOMMENDATION

For the reasons stated above, it is recommended that Petitioner's 28 U.S.C. § 2255 Application be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[3]

---

[2] U.S.S.G. § 5G1.1(b); United States v. Miller, 179 F.3d 961, 964 (5th Cir. 1999).

[3] Douglass v. United States Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this \_\_24th\_\_ day of \_\_May\_\_, 2002.

_____
Felix Recio
United States Magistrate Judge