UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

SEP 27 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| ALBERTO RAMIREZ-BLANCO,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. B-01-194 |
| | § | CRIMINAL NO. B-00-321 |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§ | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Petitioner Alberto Ramirez-Blanco's "Motion for the Issuance of an Order Allowing Defendant to Seek Leave and to File Supplement to Previously Filed Request Under 28 U.S.C. 2255" (Doc. # 11). This Court, having already prepared a Report and Recommendation on Petitioner's writ, which was subsequently adopted by the district court, will construe Petitioner's motion as an Application for a Certificate of Appealability. Petitioner's Application for a Certificate of Appealability (Doc. # 18) should be DENIED.

## BACKGROUND

On August 1, 2000, Petitioner Alberto Ramirez-Blanco was charged in the Southern District of Texas, Brownsville Division, with possession of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). On October 5, 2000, Ramirez-Blanco pleaded guilty to the indictment, without a plea agreement, before United States District Judge Hilda Tagle.

The probation department scored the Petitioner at a base offense level of 28 in accordance with the United States Sentencing Guidelines, as he was the driver of a truck containing over 600 kilograms of marijuana. However, Mr. Ramirez-Blanco's score was downwardly adjusted three levels, for a total offense level of 25. His criminal history score placed him in Criminal History Category Two, which carries a Guideline range of 63-78 months imprisonment. Ramirez-Blanco

objected to the Guideline calculation, arguing that he should be assessed a two-level downward adjustment for being a "minor" participant. At sentencing, his objection was granted and the district court granted him a "minor" participant role adjustment. His final offense level was 23, which carries a Guideline range of 60-63 months. The district court ultimately sentenced Ramirez-Blanco to sixty months imprisonment (the minimum statutory sentence) followed by a three-year term of supervised release. He was also ordered to pay $100.00 in mandatory costs, which was remitted. The judgment was entered February 5, 2001, and became final on February 15, 2000. Ramirez-Blanco did not file a direct appeal, but on November 30, 2001, he filed a 28 U.S.C. § 2255 petition. Said petition was denied on June 28, 2002. On August 19, 2002, Petitioner filed the instant motion.

## ANALYSIS

The AEDPA converted the "certificate of probable cause" that was required as a prerequisite to an appeal from the denial of a petition for federal habeas corpus relief into a Certificate of Appealability ("CoA").[1] The CoA requirement supersedes the previous requirement for a certificate of probable cause to appeal for federal habeas corpus petitions filed after the effective date of the AEDPA.[2] Under the AEDPA, to appeal the denial of a habeas corpus petition filed under Section 2254, a petitioner must obtain a CoA.[3] Under the AEDPA,

---

[1] See Hill v. Johnson, 114 F.3d 78, 80 (5th Cir. 1997), (recognizing that the "substantial showing" requirement for a CoA under the AEDPA is merely a change in nomenclature from the CPC standard); and Muniz v. Johnson, 114 F.3d 43, 45 (5th Cir. 1997) (holding that the standard for obtaining a CoA is the same as for a CPC).

[2] See Robison v. Johnson, 151 F.3d 256, 259 n.2 (5th Cir. 1998), cert. denied, 526 U.S. 1100 (1999); and Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir. 1997), cert. denied sub nom. Monroe v. Johnson, 523 U.S. 1041 (1998).

[3] See Rudd v. Johnson, 256 F.3d 317, 319 (5th Cir. 2001), cert. denied, 122 S.Ct. 477 (2001); Alexander v. Johnson, 211 F.3d 895, 896 (5th Cir. 2000); Soria v. Johnson, 207 F.3d 232, 236 (5th Cir.

appellate review of a habeas petition is limited to the issues on which a certificate of appealability ["CoA"] is granted.[4] A CoA is granted or denied on an issue-by-issue basis, thereby limiting appellate review to those issues on which CoA is granted alone.[5]

A CoA will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right.[6] To make such a showing, the petitioner need not show that he should prevail on the merits, but rather must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.[7] This Court is authorized to address the propriety of granting a CoA *sua sponte*.[8]

The showing necessary to obtain a CoA on a particular claim is dependent upon the manner in which the District Court has disposed of a claim. If this Court rejects a prisoner's constitutional claim on the merits, the petitioner must demonstrate that reasonable jurists would

---

2000), cert. denied, 530 U.S. 1286 (2000); Lamb v. Johnson, 179 F.3d 352, 356 (5th Cir. 1999), cert. denied, 528 U.S. 1013 (1999); and 28 U.S.C. §2253(c)(2).

[4] See Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997), (holding that the scope of appellate review of denial of habeas petition limited to issue on which CoA granted); and Santee v. Quinlan, 115 F.3d 355, 357 (5th Cir. 1997), (holding that CoA necessary to appeal denial of habeas petition).

[5] See Lackey v. Johnson, 116 F.3d at 151; Hill v. Johnson, 114 F.3d at 80; Muniz v. Johnson, 114 F.3d at 45; Murphy v. Johnson, 110 F.3d 10, 11 n.1 (5th Cir. 1997); 28 U.S.C. §2253(c)(3).

[6] See Slack v. McDaniel, 529 U.S. 473, 483, 120 S.Ct. 1595, 1603, 146 L.Ed.2d 542 (2000); Barefoot v. Estelle, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983); Rudd v. Johnson, 256 F.3d at 319; Alexander v. Johnson, 211 F.3d 895, 896 (5th Cir. 2000); Soria v. Johnson, 207 F.3d at 236; Miller v. Johnson, 200 F.3d 274, 280 (5th Cir. 2000), cert. denied, 531 U.S. 849 (2000); Hicks v. Johnson, 186 F.3d 634, 636 (5th Cir. 1999), cert. denied, 528 U.S. 1132 (2000).

[7] See Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604; Barefoot v. Estelle, 463 U.S. at 893 n.4, 103 S.Ct. at 3394 n.4; Rudd v. Johnson, 256 F.3d at 319; Alexander v. Johnson, 211 F.3d at 896; Soria v. Johnson, 207 F.3d at 236-37; Miller v. Johnson, 200 F.3d at 280; and Hicks v. Johnson, 186 F.3d at 636.

[8] Alexander v. Johnson, 211 F.3d at 898.

find the court's assessment of the constitutional claim to be debatable or wrong.[9] In a case in which the petitioner wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default, limitations, or lack of exhaustion, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether this Court was correct in its procedural ruling.[10]

Petitioner Ramirez-Blanco makes no valid claims that detail a denial of a constitutional right. Further, Petitioner Ramirez-Blanco can not show that the issues are debatable amongst reasonable jurists. He also can not prove that another court would have resolved any of the issues he raised in his § 2255 petition differently. Petitioner only advances an argument that he provided "substantial cooperation" to the government. Petitioner's 28 U.S.C. § 2255 Application was denied by the district court, and nothing in the original petition itself or the current motion entitles Petitioner to a Certificate of Appealability. Therefore, these proceedings should not proceed and Petitioner Ramirez-Blanco's Application for a Certificate of Appealability should be DENIED.

### RECOMMENDATION

For the reasons set forth above, Petitioner's Application for a Certificate of Appealability should be DENIED.

---

[9] See Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604; and Rudd v. Johnson, 256 F.3d at 319.

[10] Slack v. McDaniel, 529 U.S. at 484, 120 S.Ct. at 1604 (holding that when a district court denies a habeas claim on procedural grounds, without reaching the underlying constitutional claim, a CoA may issue only when the petitioner shows that reasonable jurists would find it debatable whether (1) the claim is a valid assertion of the denial of a constitutional right and (2) the district court's procedural ruling was correct).

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[11]

DONE at Brownsville, Texas this 27th day of September, 2002.

_____
Felix Recio
United States Magistrate Judge

---

[11] <u>Douglass v. United States Automobile Association</u>, 79 F.3d 1415, 1418 (5th Cir. 1996).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ANTONIO HERNANDEZ-MORALES, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-02-072 |
| | § | CRIMINAL NO. B-00-429 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the entire file, it is the opinion of this Court that the Magistrate Judge's Report and Recommendation be adopted. Furthermore, Petitioner's Application for a Certificate of Appealability is hereby DENIED. The U.S. District Clerk's Office is hereby ORDERED to close this case.

DONE in Brownsville, Texas on this ____ day of _____, 2002.

_____
Hilda G. Tagle
United States District Judge